# Highland Avenue & Belt Railroad Co. *v.* Burt.

*Action by Passenger against Railroad Company, for Damages on account of Personal Injuries.*

1. *Duty of conductor in stopping or starting cars; injuries to passenger in alighting.*—In the case of ordinary railroads, trains stopping at regular times and stations, the conductor is only required to wait long enough to give passengers a reasonable time to get off or on, and may then start his train again, unless he sees some person attempting to alight, or in other perilous position; but, where the trains are drawn by horses, and there are no regular stations or stopping places, he is required, not only to stop a reasonable time, but to see and know, before starting again, that no passenger is in the act of getting off or on, or otherwise in a perilous position; and this latter rule is applicable to street railways operated by dummy-engines.

2. *Same.*—A charge which instructs the jury that the defendant was not guilty of negligence, "if the train stopped a sufficient time to allow plaintiff to get off;" or, "if the train stopped a sufficient time for her to alight, and the conductor started the train without knowing of her intention to alight there, and without knowing or seeing that she was in the act of alighting;" or, "if the train stopped long enough for two other ladies in the car to alight safely," is each properly refused.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by the appellee, Margaret A. Burt,. against the appellant corporation, and sought to recover damages for personal injuries, alleged to have been sustained on account of the negligence of the defendant's employès. The testimony for the plaintiff tended to show that she boarded one of the defendant's dummy trains in Birmingham;. that upon paying her fare, she told the conductor she wanted to get off at St. John's Church, and to. put her off at that place, to which he nodded his consent; that when the cars arrived at St. John's Church they stopped, and several passengers got off; that plaintiff arose from her seat in the car as soon as it had stopped; that while she was alighting therefrom, the cars, in response to a signal from the conductor,. started off with a jerk, throwing her to the ground, causing the injuries complained of in this action.    The plaintiff testified that she arose from her seat in the car, and proceeded to· alight as quickly as possible, and without delay.    The testimony for the defendant tended to show that its said train stopped at St. John's Church a reasonable length of time to· enable the passengers to alight therefrom; that several did alight from said train at that point, and were assisted by the conductor of the train; that before the conductor signalled to· the engineer of said train, he looked to see if there was any one else who wished to get off, and seeing no one, he signalled the engineer to start.    The evidence showed that the plaintiff got off the car on the opposite side from which the other passengers alighted.

Upon all the evidence, the court charged the jury as follows:. " That it was the duty of defendant, on reaching the stopping-place at St. John's Church, to stop the dummy a reasonable length of time for plaintiff to alight, and plaintiff's duty, when it stopped, to alight with reasonable diligence; that when it stopped, if the conductor went to the car in which plaintiff was, to help the passengers off, and if, during such reasonable time given for passengers to alight, plaintiff was up and in the act of alighting, it was the duty of the conductor to know it,. and not start the train while she was in the act of alighting;. that if the train stopped a reasonable length of time for the plaintiff to alight, and at the expiration of such time, she was still in her seat, and not in the act of getting off, then the conductor had the right to turn his attention away from the car to the engineer, and to signal the engineer to go ahead; and if thereafter plaintiff arose, and attempted to alight, and. fell, the defendant is not liable, unless the conductor or en--

[Highland Avenae & Belt Railroad Co. v. Burt.]

gineer actually knew she was trying to get off, and so knowing it, could, by the exercise of reasonable care, have prevented her fall."

The defendant requested the court to give the following written charges, and excepted to the refusal to give each of them as asked : (1) " That if the train stopped a sufficient time to allow the plaintiff to get off, then the defendant was not guilty of negligence in its management." (2) "That if the jury believe that the car stopped at St. John's Church a sufficient time for plaintiff to alight, and the conductor, without knowing of the intention of plaintiff to alight there, and without knowing or seeing that she was in the act of alighting, started the train, then the defendant would not be guilty of negligence, and plaintiff would not be entitled to recover." (3) " If the jury believe from the evidence that the train came to a full stop at the place where the plaintiff wished to alight, and remained there long enough for two ladies in another seat of the car to alight therefrom safely, then, on the undisputed evidence, as to the character and construction of the car in which plaintiff was riding, this was a reasonable time for the car to stop for the plaintiff to alight." (4) "That if the jury believe from the evidence that the train of the defendant was stopped at St. John's Church for a reasonable time for plaintiff to have alighted from the car, then, after this time, the conductor was not required to be on the lookout for the plaintiff to alight." (5) " Under the evidence in this case, the train stopped at St. John's Church a reasonable time for plaintiff to alight."

There was judgment for the plaintiff; and the defendant brings this appeal, and assigns as error the refusal of the court to give the charges asked by it.

ALEX. T. LONDON, for appellant.—1. After a car, propelled by steam and having many exits, has stopped at a place for a sufficient time for passengers to alight, it is not the duty of the conductor, after this time, to be on the look-out for other passengers to alight.—*M. & E. R. R. C. v. Stewart*, 91 Ala. 421; *B'gham Un. Rwy. Co. Smith*, 90 Ala. 60.   2. After such a car as above described has stopped a sufficient time for a passenger to alight, it is not negligence for the conductor to start the train, unless he knows that a passenger is in the act of alighting.—*Strauss v. R. R. Co.*, 75 Mo. 185; 6 Am. & Eng. R. R. Cases, 384; *R. R. Co. v. Clotworthy*, 80 Mo. 221; 21 Am. & Eng. R. R. Cases, 371; *Davis v. R. R. Co.*, 18 Wis. 185; 2 Am. & Eng. Encyc. of Law, 762; 2 Wood's Rwy. Law, 1148.   3. When the facts are undis-

puted, what is a reasonable time is a question of law—*C. & W. R. R. Co. v. Ludden*, 89 Ala. 612, and cases cited. 4. The general rule is, that whether a train has stopped a reasonable time or not is a question of fact.—2 Wood's Rwy. Law, 1128, 1129.

RICHARD H. FRIES, *contra*, cited *Rwy. Co. v. Calderwood*, 89 Ala. 253 ; *B'gham. Un. Rwy. Co. v. Hale*, 90 Ala. 8.

COLEMAN, J.—The plaintiff sued to recover damages for personal injury, alleged to have been sustained in consequence of the negligence of the defendant, by moving forward the train upon which she was a passenger, while she was in the act of alighting, and before she had reasonable time to get off.

We regard the law with respect to the duty to be exercised by ordinary railroads, for the safety of passengers getting on and off their trains, as well settled. When the train of an ordinary railroad is brought to a stand still at the proper and usual place for receiving passengers and for permitting passengers to alight, and remains stationary for a reasonably sufficient length of time for this purpose, the duty of the trainmen in this regard has been performed ; but while the performance of this duty may relieve the trainmen from the further duty of seeing and knowing that the passengers are on or off as the case may be, even this would not excuse from culpability, if those in charge of the train in fact saw or knew that its movement would probably imperil a passenger in the act of getting off or on the train, and in disregard of the peril, caused the train to move and thereby inflict injury.—*Montgomery & Eufaula Rwy. Co. v. Stewart*, 91 Ala. 421; 8 So. Rep. 711, and cases cited ; *Birmingham Union Railway Co. v. Smith*, 90 Ala. 63 ; *Central R. R. & Banking Co. v. Miles*, 88 Ala. 262.

The law has also been well settled in regard to the duty of the driver or the person in charge of a horse car, operated for the carriage of passengers. In the latter case, it is the duty of the driver to await a sufficient length of time to enable passengers to alight in safety by the exercise of reasonable diligence, and in any event, to see and know that no passenger is in the act of alighting, or is otherwise in a position which would be rendered perilous by a movement of the car. If he fail in these respects and injury results from such failure, his employer, is liable.—90 Ala. 63, *supra*. The reasons for applying a different principle in the case of ordinary railways and horse cars, are fully stated in 8 So. Rep. and 90 Ala. *supra*.

The case of *North Birmingham Street Railway Co. v. Calderwood*, 89 Ala. 247, was one in which the passenger cars were drawn by a dummy engine. Plaintiff testified in that case that she gave the notice to stop by pulling the bell strap, and upon this signal being given the train stopped. It was in evidence that, by a rule of the company, passengers were required to motion the conductor when they wished to get off. This much of the evidence is stated to show that the rules of the company in regard to stopping, applicable to ordinary railroads having regular stations, did not apply, but in its management, for the convenience of passengers in regard to stopping, was somewhat similar to that of street horse cars, that is, the train would stop, on being signalled to that effect by the passenger, at any place where a municipal ordinance did not prohibit it. After laying down the general rule applicable to ordinary railways, that the stoppage required was for a time reasonably sufficient to enable the passengers to conveniently alight, the court, in 89 Ala., *supra*, added that "the duty of keeping a diligent lookout rested on the engineer and conductor, to see that a premature start of the train, such as might endanger her safety, should not be negligently made."

Where dummy engines are used for the transportation of passengers, and conductors are in the control of the cars, and there are no regular stopping places or stations for receiving and putting off passengers, and the conductors are not informed in advance where the passengers desire to alight and can not know how many are expected to alight, when the motion or signal is given to stop, and the rules and conditions for governing such engines and cars for carrying passengers are not such as to invoke the principles which prevail in ordinary railways, the presumption does not arise that the duty of the conductor is performed, by merely stopping a reasonable length of time, sufficient to enable passengers to get on or off; but in such cases, the same measure of duty is required as that imposed upon the driver of a horse car, that is, he shall inform himself by looking and seeing how many passengers desire and intend to alight, and, in any event, to see and know that no passenger is in the act of alighting, or in a position which would be rendered perilous by putting the car in motion. If, after stopping and waiting a reasonable time for passengers to get off, the conductor places himself in a position where he can see and know, and there are no indications that others or any desire or intend to alight or get on, the conductor may then cause the car to move, and if passengers, after this, attempt to get on or off, without further notice to the conductor, and he has no actual knowledge of their intention and position, they do so at their peril, and not at the peril of the carrier.

[Mt. Vernon Co. v. Ala. Great Southern Railroad Co.]

The first and second charges requested by defendant relieved the conductor of the duty to take any precaution or steps to inform himself as to whether plaintiff was in the act of alighting at the time he signalled the engineer to go forward. We are not prepared to hold "that a sufficient time to allow the plaintiff to get off" comes up to the rule declared in repeated decisions of this State, where we have held "that the train must wait a sufficient length of time to enable passengers to alight in safety by the exercise of reasonable diligence," or "to conveniently alight." The charges asked for to this effect were calculated to mislead in respect to the time the train was required to wait.

The court was not authorized to charge the jury as a matter of law, that because two other ladies had alighted with safety, the car had stopped a reasonable time. This may have been matter for legitimate argument before the jury, but did not authorize the legal conclusion. The plaintiff's testimony tended to show that she arose, for the purpose of getting off, as soon as the train stopped, and that she continued to move in that direction until she was thrown off by the sudden movement of the car.

The same objection obtains against the fifth charge. This charge also invades the province of the jury. The fourth charge may assert the principle applicable to ordinary railroads, but does not apply to dummy engines, under the facts proven in this case.

The charges given to the jury by the trial court, are in accord with the views of this court, herein expressed.

Affirmed.