# Birmingham Railway Light & Power Company *v.* Hayes;

*Action for Damages for Injury to Person on Track.*

(Decided Nov. 26, 1907.  44 So. Rep. 1032.)

1. *Appeal; Harmless Error; Exclusion of Evidence.*—It requiring no predicate to contradict a witness, who is a party to the cause, by any previous declarations or testimony, the exclusion of questions asked plaintiff as a witness as to his answer to certain interrogatories, was harmless error, if error at all.

2. *Winesses; Examination; Questions Not Susceptible to Definite Answer.*—It is not error to exclude a question not susceptible of a definite answer, such as, how long does it take a car going from fifteen to twenty miles an hour to run from twenty-five to thirty feet.

3. *Same; Corroboration; Declarations.*—Verbal or written declarations of a witness made out of court are generally inadmissible to corroborate his testimony; and where a witness testified without objection to what another told him, in the absence of proof that the writing was ever presented, or read to, or approved, or signed by the witness, the written statement previously made by the witness as to what he understood such other person to state, was inadmissible.

4. *Evidence; Expert Testimony; Facts as Basis of Opinion.*—It is permissible for a motorman, shown to be an expert, to state whether he used the most effective method of stopping the car as quickly as possible, he having already detailed what he did to stop the car.

5. *Street Railways; Injury to Person Crossing Track; Action; Evidence.*—It was competent for a passenger on the car to testify whether the car stopped suddenly or gradually and as to whether he was thrown forward when the car was being stopped, on the issue as to how the car was stopped which injured a person crossing the track.

6. *Same; Instructions; Contributory Negligence.*—In an action for injury to one crossing the track an instruction that eliminates the defense of contributory negligince to a mere failure of the motorman to keep a proper lookout, is improperly given, for if the plaintiff as guilty of contributory negligence in going upon the track the defendant was not liable unless its servants were guilty of wanton or wilful misconduct, or of subsequent negligence after discovery of plaintiff's peril, by failing to use all available means to avoid striking him, and the mere failure of the motorman to discover the plaintiff could not be made the basis for wanton or wilful misconduct, or for subsequent negligence after discovery of the peril.

7. *Same; Misleading; Instructions.*—A charge asserting that it was the motorman's duty to keep a lookout for persons or obstruc-

[Birmingham Railway Light & Power Company v. Hayes.]

tions on the track, and upon discovering a person on the track in peril or going toward the track in such a way as to indicate that he was about to become in peril, the motorman should have used all the appliances at his command to stop the car or materially reduce its speed to avoid striking a person in front of it; that a use by the motorman of a part of the appliances at his command, was insufficient; that the motorman did not use all the appliances at his command to stop the car or materially reduce its speed before it struck the plaintiff, and that, if by using all the appliances, the injury could have been avoided plaintiff should recover, is confusing, and tends to mislead the jury, and should not be given.

8. *Same; General Charge.*—Where a count in the complaint alleged that the company, by its servants or agents, so wantonly conducted itself in the operation of one of its cars as to wantonly run it violently against the plaintiff, such count charged actual participation by the company in the damnifying act and in the absence of proof of actual participation by the company, the company is entitled to the affirmative charge as to that count.

9. *Same; Question for Jury.*—The evidence in this case examined and held that as to counts B., C., D., it was a question for the jury under the evidence whether defendant's servants were guilty of simple negligence or wanton and wilful misconduct, and whether or not plaintiff was guilty of contributory negligence.

10. *Same.*—The evidence examined and it is held to be a question for the jury under it to determine whether the motorman had the right to assume that plaintiff was not going upon the track.

11. *Same.*—The evidence examined and it is held under it that it was for the jury to determine whether or not plaintiff had the right to assume that the blowing of the car's whistle was in response to a signal given by him for the car to stop and that the car would stop, it being his intention to take passage on the car.

12. *Same; Instructions.*—A charge asserting that if the jury were not reasonably satisfied from the evidence that the motorman was negligent after discovering plaintiff's peril, they could not find for the plaintiff, although the motorman might have acted with gerater promptness prior to his discovery of plaintiff's peril, pretermits any consideration of any wanton misconduct of the motorman in running the car at a high rate of speed at the place of the accident, and was properly refused.

13. *Trial; Instructions; Assuming Fact.*—A charge assuming that plaintiff was guilty of contributory negligence, where such negligence is a question of fact, is properly refused.

14. *Same; Reference of Questions of Law to the Jury.*—A charge asserting that defendant is seeking to escape liability by pleading not guilty and that plaintiff was guilty of contributory negligence; that it was not presumed that plaintiff was guilty from the pleas of contributory negligence; and that no burden rested upon plaintiff to prove affirmatively that he used due care and diligence, but that the burden was on the defendant to prove the pleas, unless plaintiff's evidence established such negligence; and that if defendant did not prove the pleas and the plaintiff proved his allegations, plaintiff ought to recover, refers questions of law to the jury as well as the construction of the complaint, and its giving was error.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by E. L. Hayes against the Birmingham Railway, Light & Power Company for personal injuries. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The case was tried on counts 5, B, C, and D. Count 5 was for wanton or intentional injury. Count B was as follows: "(B) Plaintiff further claims of the defendant the sum of $5,000 damages, for that heretofore, to wit, on the 20th day of April, 1904, the defendant was operating a street railway system in Jefferson county, Ala., and carrying passengers thereon for hire; and plaintiff avers that on one of its lines between Birmingham and Bassemer there is a station or stopping place for cars, and was at that time, named 'Rising station,' and he avers that on said date he was going to said station to take passage on a car of defendant, and he avers that said car was flagged when it was about 150 feet from the station—that is to say, signs were made to the motorman in charge of same to stop said car; and plaintiff avers that on the opposite side from the station where the car was, and in the direction in which it was going, there was a public crossing, and he avers that said station and said crossing were located in a populous community, and people crossed and recrossed said crossing at said station in great numbers daily. The demand of trade and public intercourse necessitated the people to cross said track at said place, all of which facts were then known to the agents and servants in charge of and operating said car, and he avers that it became and was the duty of the said agents and servants of the defendant operating its cars to pass said crossing at such rate of speed that, on discovering the

person in danger thereat, said car might be stopped or slowed up, and to operate same by and along there at a controllable rate of speed; and he avers that on said day and date and at said time and place and under said circumstances he attempted to cross said track at said crossing after said car was signaled to stop, so that he would be on the proper side of the track to take passage on the car, and he avers that said agents and servants in charge of said car, knowing that they were liable to hurt some person by the reckless operation of the car along, by, and over said crossing with reckless disregard for the consequences of their act, and with reckless disregard for the life and safety of human beings whom they knew were liable to cross same at any time, wantonly ran said car at a high and uncontrollable rate of speed and in such a wanton manner as to pass by said station and strike plaintiff, wounding and injuring him. [Here follows a list of the injuries.] And he avers that said injuries were received by and as a provimate consequence of said wanton neglect of said agents and servants of the defendants as aforesaid." Count C is a count in simple negligence for the acts complained of in count B. Count D states generally wanton or intentional misconduct on the part of defendant's servants or agents, acting within the line and scope of their employment, without going into particulars. Demurrers were interposed to count D, for that it joined simple negligence with wanton wrong; for that it is not alleged that the motorman had knowledge of the facts therein alleged; for that it alleged a wanton act, as contradistinguished from a wanton injury; for that it is not alleged or shown that the defendant's servant or agent wantonly ran said car against plaintiff. The exceptions to evidence are sufficiently noted in the opinion.

The following charges were given at the request of the plaintiff: "(6) Although the plaintiff may have been guilty of negligence in going upon the track of the defendant, yet this negligence will not defeat the plaintiff's right to recover if the motorman actually saw, or by keeping a constant and vigilant lookout could have seen, the exposed condition of danger of the plaintiff in time to have avoided the injury by the exercise of reasonable care, and negligently failed to exercise such reasonable care; and if the jury are reasonably satisfied from the evidence that such negligent failure of the motorman was the proximate cause of the injury to plaintiff, then the defendant is liable, and the verdict of the jury should be for the plaintiff." "(26) Gentlemen, if you find from the evidence in this case that plaintiff was injured as it alleged in count C of the complaint, although you may find that plaintiff was negligent in going upon defendant's track, still, if you further find that defendant's motorman actually discovered plaintiff's peril in time to avoid striking plaintiff by using the appliances at his command, or if by keeping a proper lookout the motorman could have discovered plaintiff's peril in time to have avoided striking plaintiff, then, if this be true, your verdict should be for the plaintiff." "(27) Gentlemen of the jury, the defendant in this case is seeking to escape alleged liability in this cause for injuries alleged to have been inflicted on the plaintiff by pleading that it is not guilty, and that plaintiff was guilty of contributory negligence. I charge you that under the pleas of contributory negligence filed by the defendant in this cause they are not presumptions against the plaintiff that he was guilty of contributory negligence, as is alleged in said pleas, and there is no burden cast upon the plaintiff in this cause to prove affirmatively that he used due care and diligence; but the

burden is on the defendant to prove said pleas, unless the evidence for the plaintiff established contributory negligence on his part, and if from all the evidence you find defendant has not proven said pleas, but that plaintiff has proven the allegations of count C of his complaint, then your verdict should be for the plaintiff in this cause." "(29) Gentlemen of the jury, it was the duty of defendant's motorman to keep a lookout for persons or obstructions upon the track, and upon discovering a person upon the track in a position of peril, or going in the direction of the track in such a way as to indicate to the motorman that he was about to put himself in a position of peril, it was the duty of the motorman to use all the appliances at his command to stop the car or materially reduce its speed, in order to prevent its striking a person in front of the car. A use by the motorman of a part of the appliances at his command to stop the car is not sufficient. I charge you, gentlemen, that under the undisputed evidence in this case the motorman who was in charge of the defendant's car did not use all the appliances at his command upon said car to stop the same or reduce its speed before the plaintiff was struck. If you find from the evidence that by the use of all the appliances at the command of the motorman this injury to the plaintiff could have been averted, then the plaintiff is entitled to a verdict, and you should so find."

Charges 2, 3, and 4 refused to the defendant are sufficiently stated in the opinion. The following charges were refused to the defendant also: "(10) I charge you, gentlemen of the jury, that the motorman had the right to assume that the plaintiff would not go upon the track in front of the car when the plaintiff was 40 feet from the track." "(12) I charge you, gentlemen of the jury, that the plaintiff was, under the undisputed testimony

in this case, guilty of negligence in going on this track in front of the car which struck him." "(17) If the testimony in this case does not, to the reasonable satisfaction of the jury, support the charge that the motorman was guilty of negligence after he discovered the peril of the plaintiff, then the jury cannot find for the plaintiff, even though they may believe that the motorman might have acted with greater promptness prior to his discovery of the peril of the plaintiff." "(18) I charge you, gentlemen of the jury, that the act of the plaintiff in going across the track was a negligent act. I charge you, further, that the motorman had the right to assume that the plaintiff would act as a reasonable man under the circumstances until he became aware that the plaintiff would act rashly; and I charge you, further, that the motorman had the further right to control and govern his car on the assumption that plaintiff would not go upon the track in front of the car until he became aware of his intention to do otherwise." "(26) I charge, you, gentlemen of the jury, that the motorman did not, by blowing his whistle in response to a signal of the plaintiff or his companion, if you believe such signal was given and the whistle blown, thereby invite the plaintiff to go on the track in front of the car." "(44) I charge you, gentlemen of the jury, that the plaintiff, was under the undisputed testimony in this case, guilty of negligence in going on this track in front of the car which struck him; and I charge you, further, that if you believe his negligence proximately contributed to his injuries in the slightest degree he cannot recover, unless you and each one of you are reasonably convinced from the evidence that the motorman was guilty of negligence, after discovering the peril of the plaintiff, in failing to use all the means at his command to stop the car or lessen its speed."

[Birmingham Railway Light & Power Company v. Hayes.]

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in overruling demurrers to count B.— *M. & C. R. R. Co. v. Martin,* 117 Ala. 382; *Orr. v. L. & N. R. R. Co.,* 121 Ala. 489. This count differs from the count construed in the case of *L. & N. R. R. Co. v. Mitchell,* 134 Ala. 265. Counsel discuss assignments of error relative to evidence but cite no authority. The court erred in giving charge 6 requested by plaintiff.— *C. of Ga. Ry. Co. v. Foshee,* 125 Ala. 199; *Johnson v. B. R. L. & P. Co.,* 43 South. 33; *Peters v. Southern Ry. Co.,* 135 Ala. 537; *M. & C. R. R. Co. v. Martin, supra; Burson v. L. & N. R. R. Co.,* 116 Ala. 98; *L. & N. R. R. Co. v. Banks,* 132 Ala. 480; *Southern Ry. Co. v. Bush,* 122 Ala. 487. The court erred in refusing to appellant the general charge as to the 5th count.—*City Delivery Co. v. Henry,* 139 Ala. 161; *Central of Ga. Ry. Co. v. Freeman,* 140 Ala. 851. The court erred in refusing the general charge as to count B.—*L. & N. R. R. Co. v. Webb,* 97 Ala. 808; *Bir. South. v. Powell,* 136 Ala. 242; *A. G. S. R. R. Co. v. Anderson,* 109 Ala. 299; *Ga. Pac. R. R. Co. v. Lee,* 92 Ala. There was no tendency of the evidence from which a wanton or intentional injury could be inferred.—*Burson v. L. & N. R. R. Co. supra; L. & N. R. R. Co. v. Mitchell* 134 Ala. 266; *Cent. of Ga. Ry. Co. v. Williams,* 40 South. 143. The court erred in refusing to appellant the general charge as to count C. —*Johnson v. Bir. Ry. L. & P. Co., supra; Bir. Ry. L. & P. Co. v. Clark,* 41 South. 829; *Peters v. Southern Ry. Co.,* 135 Ala. 537. The court erred in refusing charge 12 requested by appellant, as well as charge 44.—*C. of G. Ry. Co. v. Foshee, supra.*

F. R. MATTHEWS, and GASTON & CURTIS, for appellee. The demurrer to the complaint was properly overruled. —*A. G. S. R. R. Co. v. Guest,* 136 Ala. 348; 124 Ala.

172; 122 Ala. 470; 122 Ala. 247; 100 Ala. 490. The complaints in willful injury are as full as the rules of pleading require.—114 Ala. 492. A purpose or intent to injure is not an ingredient of wanton negligence, but if either of these exists and damage ensues the injury is willful—110 Ala. 328; 100 Ala. 365; 99 Ala. 397; 97 Ala. 308; 93 Ala. 149;; 92 Ala. 265. Under the evidence in this case the duty was on those in charge of the street car to keep a vigilant lookout even for trespassors.—136 Ala. 348; 136 Ala. 191;; 44 South. 418; 19 Ency. 937. The witness Bargainer, was shown to be an expert.—*L. & N. R. R. Co. v. Stewart,* 128 Ala. 329; 58 Ala. 290; 95 Ala. 412.

ANDERSON, J.—Count D charged wanton misconduct on the part of the agents or servants of the defendant, and the trial court did not err in overruling the demurrer to same.

If there was error, which we need not decide, in sustaining the objections to questions pronounded to the plaintiff, when on the stand as a witness, as to his answers to the interrogtories propounded to him under the statute, it was error without injury. The witness was a party to the cause, and no predicate had to be laid to contradict him by any previous declarations or testimony. The defendant had the right to introduce plaintiff's answers to the interrogatories, and, if they conflicted with his testimony then being delivered, it would be just as effectual for purposes of impeachment as if the predicate was laid, and which was entirely unnecessary.

The trial court did not err in sustaining the plaintiff's objection to the question to the witness Bargainer: "How long does it take a car going from 15 to 20 miles an hour to run 25 or 30 feet?" If this question is susceptible of a definite answer, the writer knows of no rule

of mathematics by which a result can be obtained. One with such a knowledge of mathematics as should be possessed by the average juror can readily calculate how long it would take a car to run a lesser distance than a greater, when running both at the same rate of speed and both distances are definitely fixed. But how any one can give a definite answer to the foregoing question is beyond the comprehension of the court.

As a general rule the declarations, verbal or written, of a witness, made out of court, are inadmissible in corroboration of his testimony on the trial of a cause.—*Childs v. State,* 55 Ala. 25; *Nichols v. Stewart,* 20 Ala. 358; *Jones v. State,* 107 Ala. 93, 18 South. 237; 1 Greenleaf on Ev. § 469. The witness Drummond had stated without objection what Bernard told him, and the paper purporting to contain the statement was but a writing of Drummond subsequent to the statement of Bernard to him, and was but an ex parte previous statement of Drummond as to what he understood Bernard's statement to him was, as there was no proof that the paper was ever presented to or read over by Bernard, or was approved or signed by him, and the trial court properly sustained the objection to same. This question is unlike the one decided in the case of *A. G. S. R. R. v. Clarke,* 145 Ala. 459, 39 South. 816, 5 L. R. A. (N.S.) 867. There the paper had been read over to the witness, and there was proof that he admitted the correctness of its contents. Moreover, the statement was not previously proved by parol. Here the witness had testified to what Bernard told him, and then the defendant sought to introduce the writing, which could have only corroborated him, as it was never seen by Bernard. While there are exceptions to the rule above declared on this subject, this question does not come within the exceptions.—*Yar-*

*brough v. State,* 105 Ala. 43, 16 South. 758; 1 Greenleaf, supra.

The trial court erred in not permitting the witness Keiser to testify whether or not the stop was a usual or quick one. A witness can testify whether a car is going slow or fast, or is stopped suddenly, or gradually, or quick or slow. The witness should also have been permitted to testify whether or not he was thrown forward when the car was being stopped. If he was thrown forward, it would be a circumstance tending to show that the momentum of the car was being suddenly checked and that the stop was quick. But whether the trial court erred in sustaining the objection to the question in the form asked we need not decide, as the case must be reversed upon other propositions.

The trial court erred in not permitting the defendant to ask the witness Ray if he used the most effective method of stopping the car in the quickest space of time? He was an expert, and had detailed what he did to stop the car, and could testify that what he did do was the quickest way to stop the car.—*Chaote v. Southern R. R.,* 119 Ala. 611, 24 South. 373; *A. G. S. R. R. v. Linn,* 103 Ala. 134, 15 South. 508.

The trial court erred in giving charge 6 at the request of the plaintiff. The charge is faulty for eliminating the defense of contributory negligence to a mere failure to keep a proper lookout. If the plaintiff was guilty of contributory negligence in going upon the track, then the defendant was not liable, unless its servants were guilty of wanton misconduct. or of subsequent negligence by failing to use all reasonable means to avoid striking the plaintiff after discovering his peril. The defendant could not be chargeable for wanton misconduct or for subsequent negligence because of a mere failure of the motorman to discover the plaintiff, and, if the

negligence of defendant was a failure to keep a lookout, contributory negligence on the part of the plaintiff would be a good defense thereto.—*Johnson v. Birmingham R. R. Co.*, 43 South. 33; *Peters v. So. R. R.*, 135 Ala. 537, 33 South. 332. The injury may have occurred at a place where it was the defendant's duty to keep a lookout; but his mere failure to do so was but simple, antecedent negligence, as against which contributory negligence is a complete defense.

Charge 26, given at the request of the plaintiff, contains the same vice as charge 6, and should have been refused.

The trial court should have refused charge 27, as it refers questions of law, as well as a construction of the complaint to the jury.

Charge 29 was confusing, and calculated to mislead the jury, and should not be given on another trial.

The fifth count of the complaint avers that "the defendant then and there by its servants or agents so wantonly conducted itself in and about the use, management, and operation of one of its cars   *   *   *   as to wantonly run said car with great violence against the plaintiff." The count charges the corporation with actual participation in the damnifying act, and, as there was no proof to support the averment, the defendant was entitled to the affirmative charge requested as to this count.—*City Delivery Co. v. Henry*, 139 Ala. 161, 34 South. 389; *Central of Ga. R. R. v. Freeman*, 140 Ala. 581, 37 South. 387; *Birmingham Belt R. R. v. Gerganous*, 142 Ala. 238, 37 South. 929.

The trial court did not err in refusing charge 2, the general charge as to count B, requested by the defendant. It was a question of fact as to whether or not there was wanton misconduct on the part of the servants of defendant. There was evidence that the place where

plaintiff was struck was a populous crossing, and that the conditions were known to the motorman, and that the car was going at a rapid and what might be dangerous rate of speed (not dangerous, perhaps, to passengers, but to people who were crossing). It is insisted by counsel that the crossing in question was not a populous one; but we think this was a question of fact, as there was evidence that a good many people lived near there, and one witness testified that as many as 75 people and vehicles crossed there daily.

Charge 3, the general charge as to count C, requested by the defendant, was properly refused. It was a question for the jury to determine whether or not the defendant was guilty of simple negligence. The complaint does not set out the quo modo, but charges negligence generally as to the handling and running of the car. Conceding, therefore, that the servants did all things to stop the car after discovering plaintiff's peril, and that there was no subsequent negligence, the motorman may have been guilty of negligence for failing to stop at the station after being signaled to do so, and it was a question for the jury to determine whether or not he saw the signal, or negligently failed to see it, if it was given, and whether or not it was his duty to stop at the station after getting signals. The appellant contends that the plaintiff was as matter of law guilty of conrtibutory negligence; but we cannot, under the particular facts of this case, hold that he was. Ordinarily a person who goes upon a railroad track without first stopping and looking and listening for approaching trains is guilty of negligence, as would be the case if he went in front of an approaching train after discovering it. But there was evidence that there was a station between the plaintiff and the approaching car, that it was the custom to stop the car at said station when signaled, that it was

signaled on this occasion, and that the plaintiff saw his companion Bernard give the signal. It was, therefore, a question for the jury to determine whether or not the plaintiff was guilty of negligence in going upon the track under the peculiar facts of this case. If he had good reason to assume that the car would stop at the station after being signaled, he cannot, as a matter of law, be deemed guilty of negligence. Of course, he would be guilty of negligence in remaining on the track if he had time to get off before being struck ,and after discovering that the car had not or would not stop at the station; but as to whether or not he had time to get off after making the discovery was a question of fact for the jury.

There was no error in refusing charge 4, the general charge requested by the defendant as to count D, and which is covered by the discussion of charge 2.

The trial court did not err in refusing charge 10, requested by the defendant. It was a question for the jury to determine whether or not the motorman had the right to assume that the plaintiff was not going upon the track, in view of the evidence as to the custom of the car to stop at the station, and of the further fact that the opening for boarding the car was on the opposite side.

There was no error in refusing charge 26, requested by the defendant. It was for the jury to determine whether or not the plaintiff had the right to assume that the blowing of the whistle was in response to the signal and that the car would stop at the station.

Charge 12, requested by the defendant, was properly refused. The conduct of the plaintiff in going upon the track has been fully discussed with reference to other charges.

[Birmingham Ry. L. & P. Co. v. Landrum.]

The trial court did not err in refusing charge 17, requested by the defendant. It pretermits any wanton misconduct on the part of the motorman for running the car at a high rate of speed at the place of the accident.

Charge 18, requested by the defendant, was properly refused, and is covered by previous discussions.

Charge 44, requested by the defendant, was properly refused. It assumes, as matter of law, that the defendant was guilty of contributory negligence in going on the track, when it was a question of fact under the particular circumstances.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.