# B'ham Ry. L. & P. Co. *v.* Mayo.

## *Injury to Passenger.*

(Decided February 6, 1913. 61 South. 289.)

1. *Carriers; Passengers; Negligence; Jerking Car.*—Where a passenger was alleged to have been injured by a jerking of the car, whether or not evidence of such jerk will sustain a charge of negligence, depends on the violence of the jerk, the situation of the passenger at the time, and the duty of the carrier to know that situation.

2. *Same; Affording Opportunity to Alight.*—Where a car has stopped at a regular stopping place for letting off passengers, it was the carrier's duty, through its agents operating the car, to inform itself whether a passenger was in the act of leaving the car, and in a position that would be rendered perilous by putting the car in motion, and a failure to discharge that duty on the part of the servants or agents of defendant would be negligence rendering defendant liable.

3. *Evidence; Cumulative Evidence.*—Where the court permitted the conductor, who was in charge of the car which is alleged to have injured plaintiff, to testify that there was no unusual jerk of the car, nor any jerking after it was stopped, other than the ordinary movement of the car, after it was stopped, the defendant got all it was entitled to in the way of an opinion, and was not entitled to have the conductor answer the question, "was the stop violent enough to cause you to lose your footing on the back end?"

4. *Appeal and Error; Presumptions.*—Where an exception was taken to a part of the oral charge, and the court undertook to correct the charge, it cannot be assumed that the jury failed to properly heed the corrections thus made.


APPEAL from Jefferson Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Alice D. Mayo against the Birmingham Railway, Light & Power Company for damages to her as a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

The portions of the oral charge excepted to are as follows: "Now, let's see what the plaintiff has to do to make out a case. Plaintiff must reasonably satisfy you from the evidence in this case that on June 2, 1911, she was a passenger on defendant's car. That is admitted; there is no evidence controverting that at all; and that she was thrown over, received these injuries, while she was a passenger. When she does that—convinces you by reasonably satisfying you from the evidence that she was a passenger upon a car that day, and while a passenger, being transported to the place where she got off, or the place she intended to get off, she received the injury—she has made out a prima facie case. The plaintiff, having discharged the burden of law put upon him to make out a prima facie case can rest there, unless the defendant can discharge the duty which rests upon it to rebut that testimony by showing that the injuries which resulted to her were the result of contributory negligence on her part, or from no negligence on the part of the company. The burden is upon the defendant, after it has been shown to your reasonable satisfaction that there has been an injury which has befallen a passenger, to show that the company was free from negligence which brought about the injury. I charge you, if the defendant's car had come to a full stop, and this plaintiff, who was a passenger, undertook to disembark, it was the duty of the defendant company to have held the car at a standstill until they knew she had alighted, safely alight, from the car, and render all facilities for her safeguard reasonably in the power of the company to have done so; and failure to have done that would create liability on the company for whatever injuries she received."

After the exception to the first part of the charge, the court said, in explanation thereof: 'The burden is on

the plaintiff to reasonably satisfy you that she was injured while a passenger, and injured by the negligence of the company."

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. Defendant was entitled to the affirmative charge under the evidence.—*B. R., L. & P. Co. v. Weathers,* 164 Ala. 23; *Same v. Parker,* 156 Ala. 251; *H. A. & B. R. R. Co. v. Miller,* 120 Ala. 535. The giving away of the seat in front of plaintiff of which he had caught hold was the proximate cause of the injury, and not the jerk of the car. Defendant was entitled to have the conductor state whether the stop was violent enough to cause him to lose his footing on the back end of the car.—*B. R., L. & P. Co. v. Hayes,* 153 Ala. 178. The court was in error in the first and second parts of the oral charge excepted to.—*A. C. G. & A. v. Bullard,* 157 Ala. 621; *B. R., L. & P. Co. v. Moore,* 163 Ala. 45; *B. R., L. & P. Co. v. Jones,* 146 Ala. 277; *Huggins v. So. Ry.,* 148 Ala. 154.

GASTON & PETTUS, for appellee. Under the evidence it was a question for the jury whether or not the injury was the result of negligence caused by a sudden jerk of the car.—*B. R., L. & P. Co. v. Gonazles,* in MSS.; *H. A. & B. v. Burt,* 92 Ala. 295; *Sweet v. B. R., L. & P. Co.,* 136 Ala. 166; *B. R., L. & P. Co. v. Jung,* 161 Ala. 470; *B. R., L. & P. Co. v. Yates,* 169 Ala. 386. The question to the witness called for a mere conclusion which had been previously fully stated by him. There was no error in the court's oral charge.—Authorities above.

SAYRE, J.—Plaintiff (appellee) recovered damages for injuries shown according to the tendency of her testimony, to have been caused by a "sudden jerk" of one

of defendant's electric street cars upon which she was a passenger. Defendant contends that it was entitled to the general charge, on the ground that proof of a sudden jerk, with consequent injury to a passenger, did not suffice to show negligence. The contention cannot be sustained. A jerk is necessarily sudden; and, since some such irregularities of motion are necessarily incident to the management and operation of cars, we have held, in cases where the question arose on the sufficiency of the complaint, that the averment of a sudden jerk, without more, did not show negligence. But here the allegation of the complaint was of negligence generally, and the sufficiency of its proof depended upon the violence of the jerk, the situation of the passenger at the moment, and the carrier's duty to know that situation. The testimony on either part was that the car had stopped, or was just about to stop, at a street crossing, when plaintiff, who had arisen from her seat for the purpose of leaving the car, was thrown across a seat and, according to her showing, injured. It is not clear whether plaintiff was thrown by an abrupt stop of the car or by a sudden resumption of its motion forward, if that makes any difference, and the evidence is in conflict on the question of undue suddenness in either event; but the jury had the right to find with plaintiff as to these contentions. On defendant's testimony —not to mention plaintiff's—the car was at a regular stopping place for letting off passengers, and did stop. It was then defendant's duty, through its agents operating the car, to inform itself whether plaintiff was in the act of leaving the car, and so in a position which would be rendered perilous by putting the car in motion—not to mention, again, a sudden jerk or abrupt stop—and a failure to discharge that duty was negligence.—*Highland Avenue Railroad v. Burt,* 92 Ala. 291,

9 South. 410, 13 L. R. A. 95; *Sweet v. Birmingham Railway*, 136 Ala. 166, 33 South. 886. The question of negligence, on all the evidence, was properly submitted to the jury.

Defendant's conductor in charge was on the rear end of the car. Testifying for defendant, he was asked: "Was the stop violent enough to cause you to lose your footing on the back end?" In *Birmingham Railway v. Hayes*, 153 Ala. 178, 44 South. 1032, it was said: "A witness can testify whether a car is going slow or fast, or is stopped suddenly or gradually, or quick or slow. The witness should have been permitted to testify whether or not he was thrown forward when the car was being stopped. If he was thrown forward, it would be a circumstance tending to show that the momentum of the car was being suddenly checked, and that the stop was quick." Here the question was different. The witness was not asked to state what actually happened to him, but was asked to give an opinion, which we will assume to have been that the stop was not abrupt enough to cause him to lose his footing. The witness had sworn that plaintiff did fall, though not flat upon her back, as she deposed. He might have been allowed to testify that there was no unusually sudden stop, or even that he kept his feet; but the question seems to have been framed upon an assumption that he and the jury might properly measure the degree of care due a passenger in respect of permissible abruptness in stopping the car by reference to the conductor's powers of resistance or accommodation. He was bound to take notice of the obvious limitations of a passenger about to leave the car; and there are such patent differences between the circumstances of a conductor and a female passenger as to render a comparison between the two, in respect of the probable consequences to them

of a change of speed, unfair, unreliable, and misleading as a basis of judgment, and that was the effect, if not the purpose, of the question. In any event, defendant got all it was entitled to have in the way of mere opinion, when the witness was allowed to testify, as he did, that "there was no unusual jerk of the car, nor any jerking after it was stopped, other than the ordinary movement of the car after it was stopped."

There were exceptions to parts of the court's oral charge to the jury. To deal with them in detail would involve verbal criticism of such nicety as to serve no practical purpose. The reporter may set them out if he has a mind to. The court, when exceptions· were taken, undertook to correct those parts of the charge which defendant thought needed correction. We cannot assume that the jury failed to properly heed the corrections. The charge must be considered as a whole. After due consideration of all its related parts, we are unable to say there was error. After correction, if not before, it did not relieve the plaintiff of her proper burden of proof of negligence. It did not predicate plaintiff's right to recover upon proof that she was injured, while a passenger, by a sudden jerk, without more. It did not assume that plaintiff had received injuries. Wherein it put upon defendant the duty to "render all facilities for her safeguard reasonably in the power of the company," we read the charge to mean only that, after the car stopped and plaintiff undertook to "disembark," defendant owed her the duty to afford her a reasonable opportunity to alight, without such movement of the car as would render her alighting dangerous. Upon the whole, the charge impresses us as containing a sound statement, as far as it goes of the applicable law, made in fair and impartial language. With the jury's determination of the facts upon conflicting

[Williams v. Lyon.]

testimony we have, of course, nothing to do. In the exceptions reserved we find no cause for reversal.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.