[Civ. No. 1219.   Second Appellate District.—February 20, 1913.]

C. H. FRANKLIN et al., Respondents v. VISALIA ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

CARRIERS—STARTING ELECTRIC CAR BEFORE PASSENGER ALIGHTS—EVIDENCE.—In an action by a passenger for injuries sustained in attempting to alight from an electric car prematurely started, other passengers who did not see the accident may testify that they attempted to alight at the same point, but that the car started before they could do so.

ID.—DUTY TO STOP FOR PASSENGER TO ALIGHT.—It is the duty of a carrier to stop its electric cars a reasonable time at the destination of passengers to allow them to alight in safety.

ID.—NEGLIGENCE IN STARTING CAR PREMATURELY.—Where an electric train has stopped for passengers to alight, negligence arises from prematurely starting it, without warning, whether violently or otherwise.

ID.—INSTRUCTION—REFUSAL BECAUSE EMBRACED IN OTHERS.—Prejudicial error does not result from the refusal of requested instructions on questions covered by other instructions actually given.

ID.—INJURY TO MARRIED WOMAN—CONTRIBUTORY NEGLIGENCE OF HUSBAND.—In an action for injuries to a married woman, caused by the sudden starting of a car when she was alighting, an instruction

that if her husband was guilty of contributory negligence proximately contributing to the injury, a recovery cannot be had, is properly denied, if there is no evidence tending to show such negligence on his part, except that he observed there was no one on the ground to assist ladies in alighting, and he himself was lacking in gallantry.

ID.—PREPONDERANCE OF EVIDENCE—NECESSITY OF COURT DEFINING.— Where the court has called the attention of the jury to their duty, it is not necessary to instruct them as to the meaning of the word "preponderance" and give illustrations.

APPEAL from a judgment of the Superior Court of Tulare County.  W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, Power & McFadzean, and A. W. Ashburn, Jr., for Appellant.

Feemster & Walker, for Respondents.

ALLEN, P. J.—The action was by Franklin and wife to recover from defendant damages on account of personal injuries received by the wife while a passenger on one of defendant's cars.  The complaint alleged that the car was by defendant stopped for the purpose of permitting passengers to alight therefrom; that while said car was standing still for the purpose aforesaid, the wife, whose ticket entitled her to passage to such point, with due care, endeavored to alight from said car; that while so attempting to alight, and when in the act of stepping from the second to the last step on the car, the defendant, without warning, negligently, carelessly, and unexpectedly to said plaintiff, set said car in motion suddenly and violently, and with such force that the wife was thrown violently from the car to the ground, suffering injuries particularly described, to her damage in the sum of one thousand dollars.  The answer denied these allegations and pleaded contributory negligence.  The case was tried by a jury, which returned a verdict in plaintiff's favor for six hundred dollars.  From the judgment rendered thereon defendant appeals under the alternative method.

Appellant's first contention is that the court erred in permitting other passengers who did not see the accident to testify that they too were passengers ticketed for the same

point and attempted to alight from the car, but that the car was started before they had an opportunity to alight without jumping therefrom while the train was in motion. We see no error in this. The evidence tended to show conditions at the time and place of the accident and the premature starting of the train. The real issue presented was as to the negligence of defendant in setting the car in motion without warning and while plaintiff was in the act of alighting therefrom. This was the specific act of negligence. Any evidence on plaintiff's part tending to support this issue was, in our opinion, competent. The cases of *Foley* v. *Northern Cal. Power Co.*, 14 Cal. App. 410, [112 Pac. 467] ; *Cary* v. *Los Angeles Ry. Co.*, 157 Cal. 599, [21 Ann. Cas. 1329, 27 L. R. A. (N. S.) 764, 108 Pac. 682], and others cited by appellant, are inapplicable. These cases all refer to proffered or accepted evidence in relation to acts of negligence not included or comprehended within the allegations of the complaint.

The same observations may be made with reference to appellant's second point, in which it challenges the correctness of an instruction as follows: "It is the duty of a railroad company carrying passengers for hire, to stop its cars at the end of their journey a reasonable time for the purpose of allowing them to get off the train in safety." Also another instruction to the effect that such carrier has not discharged its duty to passengers if it omits to stop its train for such reasonable time; and further, that the court erred in refusing instructions to the effect that such premature starting of the train must be shown to have been violent. In our opinion, the negligence arose from the act of starting the train prematurely, without warning, whether violently or otherwise. The refusal of the court to give certain other instructions proffered by defendant is assigned as error. An examination of the instructions actually given shows that the same cover the questions presented by those refused, and under the rule recognized and approved in *Henderson* v. *Los Angeles Traction Co.*, 150 Cal. 689, [89 Pac. 976], no prejudicial error resulted by reason of the refusal of the court to give such instructions.

It is further urged by appellant that the court erred in refusing instructions to the effect that if the husband, the head of the community and the legal owner of the damages,

was guilty of contributory negligence, proximately contributing to the injury, then a recovery could not be had. The instruction as a legal proposition is unassailable, but we find no evidence in the record tending to show any contributory negligence on the part of the husband. The only evidence specified by counsel in the abstract required by section 953c of the Code of Civil Procedure, tends only to show that defendant was running a train of three cars and had provided no one, or at least no one was on the ground, to assist ladies in alighting from the cars, and this the husband observed; but nothing appears even hinting at negligence on the husband's part, unless lack of gallantry should be so construed. This being the state of the record, the instructions asked in relation to contributory negligence on the part of the husband were properly refused, even upon the theory that it is error to refuse instructions however meager the evidence to sustain the hypothesis contained in them. The evidence so abstracted does not bring the case within such rule.

The court instructed the jury that unless plaintiffs made proof of negligence by a preponderance of the whole evidence, they could not recover, and that preponderance was not determined alone by the number of witnesses testifying to particular facts, but in determining upon which side is the preponderance it should take into consideration opportunity, conduct, demeanor, etc. These and other instructions clearly called the attention of the jury to their duty, and it was not necessary for the court to instruct an intelligent jury as to the meaning of the word ''preponderance,'' and give illustrations, as suggested in the instruction refused. Failure of the court to further define the word ''preponderance'' was not such prejudicial error as will warrant the reversal of what appears from the record to be a righteous judgment.

An examination of the whole record satisfies us that no prejudicial error intervened, and the judgment is affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 21, 1913.