(131 So. 883)

## BIRMINGHAM ELECTRIC CO. v. GUESS.
### 6 Div. 561.

Supreme Court of Alabama.
Oct. 30, 1930.

Rehearing Granted Nov. 28, 1930.

Further Rehearing Denied Jan. 29, 1931.

Lange, Simpson & Brantley and Memory L. Robinson, all of Birmingham, for appellant.

B. F. Smith, of Birmingham, for appellee.

## THOMAS, J.

The count as amended was free from the ground of demurrer that the facts averred did not sustain the charge of wantonness or willfulness as stated in the appropriate count. Blackburn v. Central of Ga. Ry. Co., 185 Ala. 635, 64 So. 592; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469.

There was, however, no ambiguity and uncertainty in the averment of facts employed in the complaint and the use of the words "said servants and agents"; there was no mention of servants or agents thereto to cause confusion, and "said" was capable of being omitted because of the want of an antecedent to which it may refer with uncertainty as to which of defendant's servants it applied. Birmingham Ry. L. & P. Co. v. Goldstein, 181 Ala. 517, 61 So. 281. The context was such as that it could apply only to the servants or agents in control of the car at the time and place in question.

When the testimony of plaintiff in her own behalf, and that of Miss Satterfield and Mr. Sanders, is considered, there was no error in refusing the general affirmative instruction requested as to count A.

Defendant's evidence was that the car stood still and there was no movement of any character after passengers began to get off the car. The witness Satterfield testified that after the car had stopped for passengers to disembark and while they were so engaged, it was moved or started with a sudden jerk as plaintiff and witness were approaching the door and platform, and that this precipitated plaintiff to the floor at or on the platform or vestibule. Plaintiff gave like evidence as to time, place, manner, circumstances, and cause of her fall, though she said the "cars always started with a sudden jerk." The "sudden jerk" cases adverted to (Mobile Light & Railroad Co. v. Bell, 153 Ala. 90, 45 So. 56; Birmingham R. L. & P. Co. v. Hawkins, 163 Ala. 86, 44 So. 983, 16 L. R. A. (N. S.) 1077; Birmingham R. L. & P. Co. v. Parker, 156 Ala. 251, 47 So. 138; Birmingham R. L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262) have no application to the state of facts here presented of passengers being invited to get off a car and not being given reasonable opportunity before the car is suddenly started. Birmingham Union Ry. Co. v. Smith, 90 Ala. 60, 8 So. 86, 24 Am. St. Rep. 761; Highland Avenue & Belt Railroad Co. v. Burt, 92 Ala. 291, 9 So. 410, 13 L. R. A. 95. Our cases are collected in 56 A. L. R. 981. The rule there announced is (56 A. L. R. 989, 990):

"If a passenger is injured while in the act of alighting from a car, and before he has had a reasonable opportunity to do so, the carrier is liable, regardless of the character of the jerk with which the car is started. Louisville & Interurban R. Co. v. Whitesides (1925) 207 Ky. 733, 270 S. W. 19. See to the same effect, Franklin v. Visalia Electric R. Co. (1913) 21 Cal. App. 270, 131 P. 776; Green v. Metropolitan Street R. Co. (1906) 122 Mo. App. 647, 99 S. W. 28."

The knowledge of the facts and circumstances and notice thereof has been held sufficient on which to submit the charge of wantonness. However, wantonness on the part of the servant in charge must not be based on "anything short of actual knowledge, yet actual knowledge need not be positive and directly shown" as any other fact is shown. B. R. L. & P. Co. v. Jung, 161 Ala. 461, 470, 49 So. 434, 18 Ann. Cas. 557; N. B. R. R. Co. v. Liddicoat, 99 Ala. 545, 13 So. 18.

The degree of care required of carriers under our cases is thus stated (56 A. L. R. 990):

"As to the degree of care required of a carrier in affording passengers time and opportunity to alight before starting a street car, the authorities are not in exact accord. According to one line of authorities, when a street car stops to allow a passenger to alight

the conductor or motorman is under the duty to hold the car stationary until all who wish to alight are safely off the car, and he must see and know, before putting the car in motion again, that no one is in the act of alighting or in any other perilous position. * * * Birmingham R. Light & P. Co. v. Mayo (1913) 181 Ala. 525, 61 So. 289; Birmingham R. & Electric Co. v. Wildman (1898) 119 Ala. 547, 24 So. 548; Highland Ave. & B. R. Co. v. Burt (1890) 92 Ala. 291, 13 L. R. A. 95, 9 So. 410, 2 Am. Neg. Cas. 73; Birmingham Union R. Co. v. Smith (1890) 90 Ala. 60, 24 Am. St. Rep. 761, 8 So. 86, 2 Am. Neg. Cas. 58."

There was no error in refusing charges 39, 40, 41, and 42 for reasons and on authorities above stated. Birmingham R. L. & P. Co. v. Mayo, 181 Ala. 525, 528, 61 So. 289; 56 A. L. R. 981, note. The law of the case was fully and fairly covered by the oral charge of the court and many given charges for defendant.

The trial court permitted the mother of plaintiff to testify, over objection of defendant, whether or not the minor daughter complained of pains before and after the injury—it was a relevant inquiry under evidence tending to show the physical condition of plaintiff as affected by her injury. In this there was no error. The case of Birmingham R. L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304, is different—applying to objection to whether plaintiff did her work before the injury denied as a self-serving declaration. In this question there was tendency of evidence of the same or like pains before and after the injury. The witness had theretofore testified, without objection, of the physical condition of plaintiff, saying: "She came home from time to time complaining of pain in her back and hips. I have been giving her treatment since the injury for complaints of pain or injury to her back. * * * My daughter had never in her life had any trouble with her menstrual period prior to the date of this accident; the first time after the accident it was the other way, just about twice to what she should have been, and from that on to now I have to doctor her every time and watch her, she has such pains in her back until I am afraid for her to go off from me." The attending physician had testified that the evidence of injury he saw "was sufficient to produce pain"; and plaintiff had testified that the injuries sustained caused pain at the time and since, and at the periods inquired about.

The action of the court in restraining counsel for plaintiff in his opening statement of his case to the jury was sufficient, and there was no error in declining to enter, on defendant's motion, a mistrial. The court did its duty in the premises. Birmingham Baptist Hospital v. Branton, 216 Ala. 326, 113 So. 79.

The trial court reduced the judgment by a substantial sum, which was acceded to by the plaintiff. After an examination of the evidence, we are not impressed that there should be further reduction of the amount in this court under the rules that obtain. That is, we cannot say that, allowing all reasonable presumptions in favor of the correctness of the verdict, the preponderance of the evidence is against the verdict, and it is so decided as to induce the conviction that it is wrong and unjust, and that new trial should have been granted. Nashville, Chattanooga, St. Louis Railway Co. v. Crosby, 194 Ala. 338, 70 So. 7; Cudd v. Bentley, 204 Ala. 586, 87 So. 85; Louisville & N. R. Co. v. Rush, 208 Ala. 516, 94 So. 577.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

### On Rehearing.

THOMAS, J.

The evidence has been re-examined. We are of opinion that there was reversible error as to the refusal of affirmative instructions requested by defendant as to the wanton count. To warrant submission thereof to the jury required an inference upon an inference that the signal was given by the conductor to start the car while passengers were disembarking. This cannot be done. It results that the rehearing is granted for refusal of the affirmative charge as to count A.

Rehearing granted; judgment of affirmance set aside, reversed, and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.