(113 So. 79)

## BIRMINGHAM BAPTIST HOSPITAL v. BRANTON. (6 Div. 874.)

Supreme Court of Alabama. April 14, 1927.

Rehearing Denied June 2, 1927.

1. Hospitals ⬤⟞8—Count alleging hospital's failure to call physician held not defective for failing to aver failure to exercise care in selecting servant.

Count averring that hospital undertook to care for plaintiff during her accouchement and that defendant's servant, on being informed that plaintiff was about to give birth to child, negligently failed and refused to call physician, to plaintiff's injury, held not defective, as failing to aver that defendant failed to exercise due and reasonable care in selection and retention of its servant; special skill not being required in the calling of physician when requested.

2. Pleading ⬤⟞194(4)—Sustaining demurrer to pleas was without error, where matter set up therein was provable under general denial.

Where matter set up in pleas was provable under defendant's general denial, sustaining demurrer to pleas was without error.

3. Hospitals ⬤⟞8—Whether nurse was guilty of negligence proximately resulting in depriving plaintiff of surgical aid in delivery of child held for jury.

Where plaintiff averred that hospital undertook to care for her during accouchement and that nurse negligently failed and refused to call physician, whether nurse was guilty of negligence, proximately resulting in depriving plaintiff of surgical aid in delivery of her child, by failing or refusing to call physician when being informed that plaintiff was about to give birth to the child, held under evidence for jury.

4. Hospitals ⬤⟞8—Where question of hospital's liability for nurse's act was for jury, affirmative charge was properly refused.

Where question of hospital's liability for alleged negligence of nurse in refusing to call doctor on demand of compensation patient that she was about to be delivered of child was for jury, refusal of affirmative charge for defendant was not error.

5. Hospitals ⬤⟞8—Finding that nurse was negligent in failure or refusal to call physician on demand of patient held not against weight of evidence.

In action by compensation patient in hospital for alleged negligence of nurse in failure or refusal to call physician when informed by plaintiff that she was about to be delivered of a child, verdict for plaintiff held not against great weight of evidence.

6. Trial ⬤⟞253(9)—Refusal of charge that nurse was plaintiff's agent in negligence complained of held proper where hospital cared for plaintiff for reward.

In action by patient for negligence of nurse in defendant's hospital, it was proper to refuse defendant's special charge that nurses caring for plaintiff were plaintiff's agents in negligence

complained of, since it ignored evidence. that hospital undertook to care for plaintiff for reward.

**7. Trial 260(1), 261—Refusal of charge covered by charges given and refusal of charges inherently unsound held not error.**

Refusal of charges which were fully covered by charges given and of charges which were inherently unsound was not error.

**8. Trial 132, 133(6) — Defendant was not prejudiced by preliminary statements of counsel, in view of instructions that they were not evidence and withdrawal thereof.**

Defendant was not prejudiced by preliminary statements of counsel to jury, where trial court sustained objection to them as improper and instructed that they were not to be considered in evidence and counsel withdrew them and asked jury not to consider.

**9. Appeal and error 960(3)—Error cannot be predicated on refusal to strike averments from complaint.**

The rule of the Supreme Court is not to predicate reversible error on action of the trial court in motion to strike averments from the complaint.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for damages by Carrie Branton against the Birmingham Baptist Hospital. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

A private charitable hospital is not liable in and about matters calling for professional skill and knowledge, which matters are not mere administrative duties of the hospital, where the patient is being attended and treated by her privately employed physician, and about which matters the nurse is subject only to the direction and control of said physician. 5 R. C. L. 376; Tucker v. Mobile Inf., 191 Ala. 572, 68 So. 4, L. R. A. 1915D, 1167; Barfield v. So. Highlands Inf., 191 Ala. 559, 68 So. 30, Ann. Cas. 1916C, 1097; Robinson v. Crotwell, 175 Ala. 195, 57 So. 23; 14 A. L. R. 591, note; Schloendorff v. Society of N. Y., 211 N. Y. 125, 105 N. E. 92, 52 L. R. A. (N. S.) 505, Ann. Cas. 1915C, 581. The undertaking of a private charitable hospital, in the absence of a special contract, is merely to use reasonable care in the selection and retention of its nurses and employees. 14 A. L. R. 599, note; 30 C. J. 467; Parsons v. Yolande, 206 Ala. 642, 91 So. 493; Weston v. Hospital, 131 Va. 587, 107 S. E. 785, 23 A. L. R. 907; Roosen v. Peter Bent Brigham Hospital, 235 Mass. 66, 126 N. E. 392, 14 A. L. R. 563. The plaintiff had the burden of showing that the injury complained of was produced by the negligence of the agent or servant of the defendant while acting within the line and scope of the agency; there is no presumption of negligence or want of skill arising from a bad result or failure to cure. Shelton v. Hacelip, 167 Ala. 220, 51 So. 937; 21 R. C. L. 391. It cannot be left to the jury to determine whether or not an expert in the practice of his or her profession has pursued the proper course of treatment and whether the course pursued proximately caused a given result; there being no expert evidence on this point. Miller v. Toles, 183 Mich. 252, 150 N. W. 118, L. R. A. 1915C, 595; Moline v. Christie, 180 Ill. App. 334. When injury and effect have been shown as regards personal injury, the cause is solely for a medical expert. Feore v. Trammel, 212 Ala. 325, 102 So. 529; Norwood Hospital v. Jones, 214 Ala. 314, 107 So. 858. A statement to the jury, made by counsel for plaintiff in opening statement in regard to matter not in issue, is reversible error. Loeb v. Webster, 213 Ala. 99, 104 So. 25.

Altman, Taylor & Koenig, of Birmingham, for appellee.

A charitable hospital, requiring and receiving reasonable pay from patients, as to a patient injured by the negligence of a nurse, is subject to the same liability whether the injury is declared to be a breach of an expressed contract or a contract implied by law. Tucker v. Mobile Inf., 191 Ala. 572, 68 So. 4, L. R. A. 1915D, 1167; Supreme Lodge v. Kenny, 198 Ala. 332, 73 So. 519, L. R. A. 1917C, 469; 30 C. J. 467. A hospital owes its patients the duty of protection, and must exercise such reasonable care towards a patient as his known condition may require. 30 C. J. 467; Birmingham Inf. v. Coe, 206 Ala.687, 91 So. 604. The hospital is liable for the negligence of its nurse, even though the negligence complained of concerns matters that call for professional skill and knowledge. Glavin v. R. I. Hospital, 12 R. I. 411, 34 Am. Rep. 675; Malcolm v. Evangelical Lutheran Hospital, 107 Neb. 101, 185 N. W. 330. Where there is evidence to support plaintiff's cause of action, the question is for the jury. So. States F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63. When the trial court takes prompt measure to rid a case of improper matter and subsequently refuses a motion for new trial, the Supreme Court will indulge presumption in favor of the ruling. Mobile L. & R. Co. v. Gallasch, 210 Ala. 219, 97 So. 733; Thames v. L. & N., 208 Ala. 255, 94 So. 487; Pizitz v. Yeldell, 213 Ala. 222, 104 So. 526; Tenn. R. N. Co. v. Walls, 209 Ala. 320, 96 So. 266; L. & N. v. Cross, 205 Ala. 626, 88 So. 908.

BROWN, J. [1] Count X of the complaint, on which the case was submitted to the jury, in substance, avers that the defendant for reward undertook and engaged to nurse and care for plaintiff, during her accouchement,

and that defendant's servant or agent, on being informed that plaintiff was about to give birth to the child and being requested to call the physician, while acting within the scope of her employment, negligently failed and refused to call the physician, and as a proximate consequence plaintiff was denied the presence, aid, and assistance of such physician during the birth of her child, to her damage.

The only objection to this count, urged in argument, is that it "shows on its face that the negligence complained of was about matters calling for professional skill and knowledge, and nowhere is it averred in said count that appellant failed to exercise due and reasonable care in the selection and retention of its servants or agents," who are alleged to be guilty of negligence. It is certain that no professional skill or knowledge was required to enable the servant or agent in charge of the case to call the physician, on being requested to do so by the patient, and the question of whether the servant or agent was guilty of negligence in failing or refusing to do so depended upon the circumstances to be established by proof.

The averments of this count bring the case within the rule of responsibility declared in Tucker v. Mobile Infirmary Association, 191 Ala. 572, 68 So. 4, L. R. A. 1915D, 1167, and reaffirmed in Sup. Lodge L. O. of M. v. Kenny, 198 Ala. 332, 73 So. 519, L. R. A. 1917C, 469.

The defendant's plea 3 avers, in substance, that defendant's institution was operated exclusively for charity, that due care was exercised by it in the selection of its servants, and that the duty the breach of which is complained of was one that called for peculiar skill and knowledge.

Pleas 4 and 5, in substance, aver the same as plea 3, with the additional averments that plaintiff did not pay or offer to pay, nor was she charged by the defendant, reasonable compensation for the services rendered by the defendant; that the charge made was a mere nominal sum wholly inadequate to the value of the services rendered.

Plea 6 avers that the duty the breach of which is complained of was one requiring "peculiar and special skill, knowledge and learning on the part of the nurses and employés of defendant," and that defendant exercised reasonable diligence and care in the employment and retention of its said servants.

Pleas 3 and 6, in legal effect, confess the averments that the defendant, for a reasonable compensation, undertook to nurse and care for the patient without avoiding the legal effect of these counts, and asserts that the duty of calling the physician when requested by the patient was a duty requiring special skill and knowledge. This statement of the legal effect of those pleas is sufficient to show

that the demurrer was properly sustained. 4 Myf. Dig. 469, § 604, Id. p. 470, § 617; Tucker v. Mobile Infirmary Association, supra.

[2] If the plaintiff was a charity patient and the defendant did not, for a reasonable reward, undertake and engage to nurse her during the period of her confinement, as averred in the complaint, this was admissible under the general issue, and the demurrer was sustained to pleas 4 and 5 without error. Bibby v. Thomas, 131 Ala. 350, 31 So. 432; Postal Tel. Co. v. Jones, 133 Ala. 217, 32 So. 500. The matters set up in defendant's special pleas 8, 9 and 10, were also provable under the general issue, and for this reason the demurrer thereto was properly sustained.

[3] The evidence is without dispute that the plaintiff was received and registered as a patient in the defendant hospital, and in the absence of plaintiff's physician she was in the charge and care of some one or more of the defendant's nurses, whose duty it was to take her temperature and observe her condition, and that the defendant made a charge for the hospital service so rendered.

The great weight of the evidence shows that the plaintiff had been in labor for about 12 hours before she was delivered, and the defendant's evidence shows that the child's head had passed out through the birth canal before the hospital physician was called to her, while that of the plaintiff was that the child was born before the hospital physician was called. The undisputed evidence shows that plaintiff's physician did not arrive until after the birth of the child, but was there during the delivery of the afterbirth.

The evidence was in sharp conflict as to whether the plaintiff informed the nurse in charge 35 minutes before the child was born that the event was about to happen, accompanied with a request that the doctor be called, followed by the refusal of the nurse to do so, but it tended to show that plaintiff's doctor arrived in 15 or 20 minutes after he was called. In these circumstances it was for the jury to say whether or not the nurse was guilty of negligence and whether or not such negligence proximately resulted in depriving the plaintiff of proper surgical aid in the delivery of her child.

[4, 5] The plaintiff was in the hospital two days, for which a charge of $21.95 was made, including $10 for room and board, $5 for operating room fee, laboratory examination $5, 95 cents for drugs, and $1 for surgical dressing, and, in the absence of countervailing evidence, we are of the opinion that it may be presumed, as against the defendant, the party rendering the service and making the charge, that these charges afforded reasonable compensation for the services. On the evidence as a whole, the question of defendant's liability was for the jury, and the affirmative charge was refused without error. Southern States Fire Ins. Co. v. Kronenberg,

199 Ala. 164, 74 So. 65. And after careful consideration of the evidence we are not convinced that the court erred in refusing the motion for a new trial on the only ground argued—that the verdict of the jury is contrary to the great weight of the evidence. Hatfield v. Riley, 199 Ala. 388, 74 So. 380; Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Cobb v. Malone, 92 Ala. 630, 9 So. 738; Dillard v. Savage, 98 Ala. 598, 13 So. 514; Ala. M. Ry. Co. v. Brown, 129 Ala. 282, 29 So. 548.

Something like a quarter of a hundred assignments of error, based on the rulings of the court on the admission of evidence, are argued in bulk, without reference, except in a few instances, in the brief or in the assignments of error as to the pages of the record where these questions are raised, and the sole insistence is that "it is clear that all of these questions and answers were about matters of a professional nature, and about matters to which no one but an expert could testify."

Assuming that this is a serious insistence on these several and numerous assignments—a matter of some doubt—we think it a complete answer to say that the event here involved is such as has attended the human race during its entire history, about which there is much common knowledge, as well as technical learning. The witnesses testifying were the plaintiff and another, who had experienced the travail of childbirth, and defendant's nurse and the physician on the medical staff of the hospital, who were shown to have much technical learning and experience.

We have examined each of these assignments and agree with appellant's counsel that they present nothing requiring special treatment. The authorities cited are not in point.

In Feore v. Trammel, 212 Ala. 325, 102 So. 529, the question was whether or not a severe concussion of the brain would affect the sense of smell and taste. And in Norwood Hospital v. Jones, 214 Ala. 314, 107 So. 859, the question was whether chronic ulcer or cancer might not result from a severe burn, and it was held in those cases, and correctly so, that these were questions requiring a predicate showing that the witness possessed expert medical skill and knowledge to express an opinion.

Here the questions were whether the plaintiff was in labor of childbirth at the time she was received as a patient, whether the plaintiff heard the child strangling before she received assistance, whether or not the plaintiff was nervous or slept less after her experience than she did before, whether plaintiff was suffering pain when she asked that the doctor be called, and kindred subjects relating to the res gestæ of the plaintiff being committed to the care of the defendant, and her experience during travail.

[6] A like number of assignments of error are based on the refusal of special charges predicated, as appellant states, on one or two theories, viz.: (1) The defendant was only liable for the negligent selection and retention of its nurses; and (2) the nurses caring for plaintiff were the agents of plaintiff and her attending physician in and about the negligence complained of.

Appellant's first theory, above stated, has been held unsound, and the doctrine on which it is based repudiated, in our case of Tucker v. Mobile Infirmary Association, 191 Ala. 572, 68 So. 4, L. R. A. 1915D, 1167, as applicable to cases such as that presented by this record; and the second ignores the evidence showing that defendant undertook to nurse and care for the plaintiff for reward as alleged in the complaint.

[7] Some of the charges refused were fully covered by others given, and some were inherently unsound as applied to the case presented on the pleadings and proof.

[8] In respect to the objections to the preliminary statement of counsel to the jury, it appears that the trial court sustained the appellant's objection to such statements as were improper and promptly and specifically instructed the jury that such statements were not evidence and must not be so considered. Moreover, counsel for plaintiff promptly withdrew the alleged objectionable statements and asked the jury not to consider them. We are therefore not of the opinion that appellant was in any way prejudiced by such statement. Feore v. Trammel, supra.

[9] In the motion to strike certain quoted averments from the complaint, the averments of count X, "and plaintiff will be caused to suffer great physical pain and mental anguish in the future," were not included in the motion as among the objectionable averments. Moreover, "the rule here is not to predicate error of such ruling." Bixby-Theisen Co. v. Evans, 174 Ala. 576, 57 So. 39; Roddam v. Brown et al., 201 Ala. 109, 77 So. 403.

We find no reversible error in the record. Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.