(114 So. 791)

## BIRMINGHAM ELECTRIC CO. v. EDGE.
### (6 Div. 166.)

Court of Appeals of Alabama. Nov. 1, 1927.

Rehearing Denied Dec. 20, 1927.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

· Altman, Taylor & Koenig, of Birmingham, for appellee.

SAMFORD, J.  This was an action for damages, in which plaintiff claims that by and through the negligence of defendant's agents, etc., in the operation of its street car, plaintiff, who was a passenger, was hurt, etc. The error complained of is the action of the trial judge in refusing to grant defendant's motion for a new trial. As to this ruling of the court the most serious contention is contained in assignments of errors 1 to 7, both inclusive. In these assignments the appellant complains that plaintiff's counsel used improper argument in presenting the case to the jury. In each instance where objection was made to the argument of counsel, the court ruled with the defendant. The first statement was withdrawn, and the second statement was ruled out, and the jury was instructed by the court not to consider it. If these statements were error, and as to the first we do not think it was, the action of the court eradicated any possible injury. Certainly, the amount of verdict did not indicate that the mind of the jury had been influenced by passion or prejudice arising out of extrinsic influences. The trial judge who passed upon this motion evidently held to this view, and in so holding we find no error.

The evidence in this case, both as to the details of the accident and the extent of the injury, was in sharp conflict. There is nothing in this record to inform this court as to why it should take the statement of defendant's witnesses as being true, rather than that of plaintiff's witnesses. The jury under proper instructions from the court passed upon these questions. If the jury believed the plaintiff's evidence as to the details of the accident and as to the extent of injury to plaintiff as the proximate result of defendant's negligence, which evidently they did, then the amount of the recovery was not excessive. The trial judge had all the parties before him and refused to disturb the verdict, and such will be the holding here.

The other assignments are considered, and in the action of the trial court, we find no error.

The judgment is affirmed.

Affirmed.