164 So. 124

## FIRST NAT. BANK OF WETUMPKA v. CULVERHOUSE et al.

### 5 Div. 964.

Court of Appeals of Alabama.
Oct. 8, 1935.

Rehearing Denied Oct. 29, 1935.

C. T. Reneau and Holley & Milner, all of Wetumpka, for appellant.

562

Huddleston & Jones, of Wetumpka, for appellees.

BRICKEN, Presiding Judge.

This is an action of assumpsit to recover a sum of money alleged to be due upon a promissory note made by appellees on the 5th day of April, 1926, and payable on the 21st day of June, 1927, together with interest and attorneys' fees alleged to be due under the provisions of said note.

Demurrers of the defendants being overruled, they filed pleas of the general issue and of payment to the complaint, and also the following plea: "4. For further answer to the complaint and each and every count thereof said defendants say and aver as follows: that on or about July 10, 1930, L. O. Venable, said W. V. Culverhouse, and defendant J. S. Hood executed and delivered a certain promissory note and mortgage to the plaintiff; that the money for which the note sued on in this cause was executed was obtained for the use in paying for, improving or repairing the property of Herlong Camp 950 W. O. W., Deatsville, Alabama; that said mortgage was executed by said L. O. Venable et al. with the authority of said Camp in full satisfaction and payment of the balance then due on the note then sued on; that said mortgage was executed on the Lodge and all of the real estate owned by said Camp; and that the plaintiff received and accepted said mortgage in full settlement and satisfaction of the balance then due on the said note that is sued on in said case, wherefore said defendants say that the plaintiff should not recover in this suit."

The defendants also interposed its plea of accord and satisfaction, as set out in plea No. 5.

The plaintiff demurred to defendant's pleas 4 and 5, and the ruling of the court below in its judgment overruling plaintiff's said demurrer is here insisted upon as constituting error for which this case should be reversed.

■ ■ In so far as plea 4 is concerned, it is insisted that the plea in question does not set up the facts, and that it is not alleged with sufficient certainty what note and mortgage was executed to the plaintiff by Venable, Hood, and Culverhouse and alleged to have been accepted by the plaintiff in full payment of the note sued on. It is unquestionably the law of this state that a plea should aver facts as to the contents of a paper writing upon which a defense is based. Does plea 4 set up sufficient to properly inform the plaintiff of the contents of the note and mortgage by which, it is alleged, the note sued upon was paid and satisfied. The substance of said plea is that on or about July 10, 1930, L. O. Venable, W. V. Culverhouse, and J. B. Hood, with the authority of Herlong Camp 950, W. O. W., Deatsville, Ala., executed and delivered to the plaintiff a certain promissory note and mortgage, which mortgage was on all of the real estate and the lodge owned by said camp, and that the plaintiff received and accepted said mortgage in full settlement and satisfaction of the balance then due on the note that is sued on in the present case. In our opinion, the plea was sufficient allegation of the payment and satisfaction of the note sued upon. We find nothing in the case of Hartford Fire Ins. Co. v. Ingram, 216 Ala. 111, 112 So. 424, and other cases cited by appellant, that condemns the sufficiency of the plea now under consideration. The Hartford Fire Ins. Co. Case deals with an allegation of fraud in a certain plea therein set out. That plea alleges that the de-

fendant signed the note sued upon in that case upon the false representation that he was signing an application for insurance for a period of one year, when, as a matter of fact, he was signing a note for insurance for a period of five years. Upon a rehearing, our Supreme Court held that the plea failed to aver the facts as to the contents of the paper signed. In the case at bar, the defendants say that they executed and delivered a mortgage to the plaintiff on a given date, which covered certain specified property, and that this mortgage and the note thereby secured were accepted by the plaintiff in full satisfaction and settlement of the note sued upon. The plea, in our opinion, contains a sufficient allegation of the facts relied upon to inform plaintiff of the facts of its plea of payment and satisfaction. The trial court did not err in overruling plaintiff's demurrer to defendants' plea No. 4.

Appellant's assignments of error 2 and 3 relate to a conversation between Mr. W. J. Hogan, one of the defendants, and the honorable J. M. Holley, chairman of the board of directors of the plaintiff bank, and also attorney for said bank, who, according to some of the evidence, was attending to the collection of the loan which represents the consideration for which the note sued upon was given.

In so far as the record before us discloses, the note sued upon was given to the plaintiff bank on the 5th day of April, 1926, for the sum of $1,290.60, and this note was payable on or before January 21, 1927, and purports to have been executed by all of the defendants in the case at bar. On February 14, 1928, W. O. W., Deatsville, W. A. Rogers, and J. M. Guy executed and delivered to the plaintiff bank a note for $1,083.11, payable January 21, 1929, which expressly provided that it was given in renewal of note $1,290.60, W. O. W., Deatsville, dated April 5, 1926. On February 20, 1929, W. O. W., Deatsville, and J. M. Guy executed and delivered to the plaintiff bank a note for $1,007.73 which was payable January 21, 1930.

▮▮▮▮ Mr. W. J. Hogan, a witness for the defendants, testified that he had a consultation with Mr. Holley, who was the lawyer for, and represented, the plaintiff bank, and who, also, was chairman of its board of directors. Mr. Hogan, said witness, and one of the defendants went to the plaintiff bank in regard to the note sued upon and were referred by Mr. Law, the cashier of the bank, to Mr. Holley, its attorney. A conference and conversation took place between Mr. Holley, attorney for the bank, and chairman of its board of directors, in regard to the note here sued upon, and in regard also to the execution and delivery of the note and mortgage executed July 10, 1930, by W. V. Culverhouse, J. S. Hood, and L. O. Venable, as trustees for Herlong Camp No. 950, W. O. W., and introduced in evidence in the court below. In view of the official connection of both Mr. Holley, attorney for the bank, and chairman of its board of directors, and a member of its loan committee, then consisting of only three members, we are of the opinion that any representation made either by Mr. Holley or Mr. Law, cashier of said bank, or both of them, in regard to the note sued upon and the manner in which it might be paid or extended, as the case might be, was competent and relevant testimony in this case, and any statements made by them or either of them in regard to the payment and satisfaction or renewal, as the case might be, of the note sued upon, was, under all the facts and circumstances of this case, binding upon the plaintiff bank.

▮▮▮ In the line of his assigned duties, the agent of a corporation stands in the place of the corporation itself. Central Iron & Coal Co. v. Wright, 20 Ala. App. 82, 101 So. 815; First National Bank of Chattanooga v. Huntsville Bank & Trust Co., 213 Ala. 236, 104 So. 760.

Whether any statements or representations were in fact made by these officers of the bank or either of them, that the note and mortgage executed July 10, 1930, would be taken and accepted by the plaintiff bank in satisfaction and settlement of the note sued upon, was, of course, under the testimony in this case a question for the jury.

The trial court did not err in overruling plaintiff's objection to the question propounded by the defendants to the witness Hogan, as follows: "What conversation did you have with Mr. Holley concerning the giving of this mortgage?" Nor did the court err in allowing the witness Hogan to testify as to the conversation he had with Mr. Holley relating to the mortgage given by Herlong Camp No. 950, W. O. W., to plaintiff bank on July 10, 1930.

The trial court did not err in permitting the witness Hogan to testify as to the conversation he had with Mr. Law, cashier

of the plaintiff bank, in regard to the execution of said mortgage given by Herlong Camp, W. O. W., to said plaintiff bank.

■ We do not think our case of Butler & Gilchrist v. First National Bank of Brantley, 22 Ala. App. 504, 117 So. 490, is in conflict with the views above expressed. It is true that no officer of a bank has the inherent power to release debtors of the bank except in due course and upon the payment of their obligation. But a note of one debtor may be paid by a note of a third party if such is the understanding and agreement between all the parties thereto. Officers of a bank, as expressly pointed out in the above case, have authority to act according to the general usage, practice, and course of their business, and, when thus acting, they bind their bank in favor of third persons who have no knowledge of the limitation of their power.

In the present case, when the note and mortgage was being discussed between the bank and some of the makers of the note here sued upon, authority from Herlong Camp No. 950, W. O. W., for the execution of the note and mortgage bearing date July 10, 1930, was exhibited to the cashier and attorney for the bank, and the persons exhibiting the same to said named officers of the plaintiff bank were advised that the resolutions of said Camp W. O. W. were insufficient or unsatisfactory, and thereupon Mr. Holley, the attorney for the bank, requested his law partner to prepare a suitable resolution, according to the testimony of Mr. Holley, and, according to the testimony of Mr. Hogan, said resolution, which was introduced in evidence, was prepared by Mr. Holley and Mr. Milner together, and which authorized the trustees or auditors of said camp to mortgage its property, real and personal, to the First National Bank of Wetumpka, Ala., "to secure an indebtedness due by this Camp to said bank." The resolution did not authorize the execution of a mortgage to secure the individual obligation of third persons, but it authorized the execution of a mortgage to secure the indebtedness of the camp itself. We think, therefore, that the things said and done, both by Holley, the attorney for the bank, and by Law, its cashier, covering the execution of said mortgage and note thereby secured of date July 10, 1930, was binding upon the plaintiff bank. This view, we think, not only accords with the opinion in the Gilchrist Case, supra, but is supported by the case of First National Bank v. Fidelity & Deposit Co., 145 Ala. 335, 40 So. 415, 5 L. R. A. (N. S.) 418, 117 Am. St. Rep. 45, 8 Ann. Cas. 241.

The next and last assignment of error insisted upon is the action of the court in overruling plaintiff's motion for a new trial.

Many of the grounds of the motion for a new trial have been hereinabove discussed. In fact, all of them, with the probable exception of the refusal of the affirmative charge, requested by plaintiff, and misconduct upon the part of defendant's counsel.

■ There was evidence to the effect that the note sued upon was paid, or satisfied, by the execution and delivery of the note and mortgage bearing date July 10, 1930. It follows, therefore, there being a sharp conflict in the testimony upon this question, that the trial court did not err in refusing to give the affirmative charge requested by the plaintiff.

There was much bickering between counsel for plaintiff and counsel for the defendants. In so far as this record discloses, if defendants' counsel were guilty of improper and unseemly conduct, it seems that the improper conduct objected and excepted to consisted of remarks of defendants' counsel made to the court, opposing counsel, and to witnesses, during the taking of testimony. There were repeated clashes between the attorneys for plaintiff and defendants, respectively, while testimony was being offered. Personal remarks of attorneys to each other are to be regretted, and should not be indulged. They can serve no good purpose in the trial of a case. The court instructed the jury with reference to a statement made by counsel for the defendants to the effect that the copy of a certain letter offered in evidence was manufactured evidence, which statement was objected to by counsel for the plaintiff, and thereupon the court said: "Gentlemen of the jury you will not regard that statement of counsel, that is not before the jury. You won't consider it at all." Without extending this opinion unduly, we are of the opinion, when taking into consideration all that this record shows in regard to misconduct of counsel on both sides, the rulings of the court upon the objection to testimony, and the remarks, admonition to, and reprimands of the court to offending counsel,

that the alleged misconduct of counsel for the defendants is not sufficient to justify this court in setting aside the judgment of the lower court and reversing the judgment of that court because of its refusal to grant a new trial upon the motion filed. Birmingham Baptist Hospital v. Branton, 216 Ala. 326, 113 So. 79; Alabama Great Southern R. Co. v. Grauer, 212 Ala. 197, 102 So. 125; Birmingham Electric Co. v. Edge, 22 Ala. App. 279, 114 So. 791.

We have given this case our careful and attentive consideration. We find no error in the record upon which to order a reversal of the judgment of the lower court. The judgment appealed from will therefore stand affirmed.

Affirmed.